WOLF *vs.* WOLF'S EX'R.—June, 1828.

To a bill of discovery filed by an executor against the widow of his testator, charging her with retaining from him a certain sum of money, and certain *choses in action,* belonging to the estate of his testator, and that no person was present when she possessed herself of them, the defendant demurred, and assigned for cause, that the discovery did, and might by the laws of this state, subject her to certain pains and penalties; but the court overruled the demurrer, and *held* that the allegations in the bill were not of such a character as would, if answered, subject the defendant to the apprehended consequences.

A defendant in equity is not bound to make any discovery in answering a bill that would subject him to the punishment of the law by a criminal prosecution, or would cause him to incur any pains, penalties or forfeitures.

But it must appear, either by the bill of the complainant, or plea of the defendant, that his answer may subject him to punishment, or he will be compelled to make the discovery asked for in the bill.

If no such penal consequence will follow, it is the undoubted right of a complainant to ask, and the duty of the defendant to make, the discovery sought, in aid of the administration of civil justice.

A discovery may be had not only to support an action, but as auxiliary to the maintenance of a suit then contemplated to be brought.

APPEAL from *Frederick* County Court, sitting as a Court of Equity. The bill of the complainant (the now appellee,) stated that his testator on the 9th of August 1820 made his last will, and appointed the complainant his executor; that he did in April 1824 institute a suit in *Frederick* county court against *Mary Wolf*, (the appellant,) widow of the deceased, for money of which the deceased died possessed, and which the said *Mary* took and retained from the complainant, and refused to pay over to him as the executor of the deceased. That he had every reason to believe that she had retained and held $800 or $1000 in money which was in the possession of the deceased, at the time of his death. To recover which the complainant had brought suit in *Frederick* county court, as a court of law. The bill then charges that the defendant took possession of all the money, bonds, &c. and papers, belonging to the deceased, at the time of his death, but as to the exact amount of money the complainant was ignorant, yet he believed that she retained and held from him $800 or $1000, which ought in justice to be delivered over to him, with the other property of the deceased. That the complainant had repeatedly called on the defendant to deliver to him all the money and other personal property of which the deceased died the owner and possessor, which she refused to do. The bill then states that no person was present when the defendant took possession of the money aforesaid, therefore, the complainant has no legal proof to support his said action at law against the defendant, without a discovery of the facts by the defendant on oath, &c. That the object in calling on the defendant to discover the amount of the money retained by her, was to make use of the said discovery on the trial of the action at law. That the defendant had retained, and then held in her possession a number of notes, bonds, &c. which belonged to the complainant, as executor of the deceased, which she refused to deliver to him, &c. That the facts herein stated are exclusively within the knowledge of the defendant, and cannot be proved by any other person. That the complainant

had, as executor, received from the defendant money, notes, &c. a part of the estate of the deceased—*Prayer* for a discovery, &c. with certain interrogatories to be answered, &c. and among others to discover her knowledge relative to a note against *William Grimes*, payable to the deceased, &c.    The defendant *demurred* to the bill; and for causes of demurrer showed, that the scope and end of the complainant's bill was to have and obtain discovery touching certain money, bonds,&c. belonging to the deceased, at the time of his death, supposed by the bill to be retained and withheld by the defendant from the complainant.    Which discovery the complainant seeks by his bill to claim, as executor of the deceased, to be used on the trial of a suit at law, &c.    And yet the complainant had not alleged in and by his said bill that the will of the deceased had been authenticated and proved, or that letters testamentary, if any, had been granted to him, the complainant, as executor, &c. or that he had, before the filing of his said bill, executed a bond, &c. for the faithful performance of the trust, if at all in him reposed as executor, or had otherwise taken upon himself the burthen of the execution of the said will, or in any way entitled himself to seek or claim discovery from the defendant touching any money, bonds, &c. of the deceased; wherefore she demurred to the said bill, &c.    And for further cause of demurrer the answer also stated, that by the known and settled rules of the court, no person ought to be compelled to set forth or discover any matter or thing which doth or may subject him or her to any pains, penalties or forfeiture whatever; and therefore, as the said discovery doth and may, by the known laws of this state, subject and make the defendant liable to certain pains and penalties, she doth demur in law to so much and such parts of the bill as pray discovery of the aforesaid matters; and demands the judgment of the court whether she ought to be compelled to make any further or other answer, than as aforesaid, to such parts of the bill as she hath so demurred unto.    And as to so much and such part of the bill as seeks to have discovery from her of her knowledge relative to a note against *William Grimes*, payable to the deceased, she demurs; and for cause of demurrer in this behalf showeth, that the discovery sought would either criminate her or not;

if the former, she ought not to be compelled to discover or set forth any matter or thing whereby she may impeach or accuse herself of an offence or crime which doth or may subject her to any pains, penalties or forfeiture whatever; if the latter, it does not appear in and by the bill, nor does the bill allege, with sufficient certainty, that the defendant had any interest in the said note, or that she should not be examined as a witness concerning her knowledge relative to the said note, or that discovery is sought of her of her knowledge relative to the said note, otherwise than as a mere witness; and, therefore, she doth demur in law to so much and such parts of the said bill as prays the last aforesaid discovery, &c. On motion of the complainant he had leave to amend his bill by inserting that he had obtained letters testamentary from the orphans court, under the will of the deceased, and had filed his bond as executor, in the said court, &c. The case being submitted upon argument, the County Court, [*Shriver* A. J.] after stating the case, proceeded—In coming to a decision in this case, it is *first* to be ascertained whether the complainant has shown such an interest in himself as entitles him to the discovery he seeks to obtain? And *secondly*, whether the demurrers set forth sufficient causes to protect the defendant from answering the complainant's bill? As respects the *first point*, it is the opinion of the court, that the complainant, in showing that he is the executor of *Jacob Wolf*, and that the money, bonds, &c. as mentioned, belonged to him, has shown such an interest as entitles him to the discovery he seeks to obtain against the defendant; unless that discovery should subject her to the pains, penalties or forfeitures, or some of them, as stated in the demurrers. To establish the *second point*, it has been strongly insisted upon in argument, that discovery would subject the defendant to the pains, penalties and forfeitures stated, and that upon the ground of part of the money, &c. as represented in the bill, having been retained by her from the complainant, which it is urged is such a severance as amounts to larceny. *(Chitt. C. L.* 918.*)* But the cases of the carrier, miller, &c. on which this distinction rests, are not analogous to the one in question. In those cases the goods were delivered upon special trust, for a specific purpose, by

which a temporary property was acquired.　Under these cir-
cumstances a possession of part, distinct from the whole, not
being founded on delivery from the owner, but gained by
wrong, constitutes a felony.　But these cases differ widely from
that of a widow.　To her there was no delivery on special
trust, or for any specific purpose, nor was the property acquir-
ed of a temporary nature.　By marriage she and her husband
were but one person in legal contemplation; and she became
widowed of all his wordly goods, by which she acquired a cer-
tain interest in them.　So that, whilst a severance in the class
of cases mentioned, is to be regarded as the result of a disho-
nest interest, the circumstances attending the case of a widow,
are so entirely different, that they may well be supposed to re-
sult from an uncertainty in her mind as to her rights, and diffi-
culty of conceiving that she was unauthorised any longer to
exercise control over property that she had in connexion with
her husband, viewed as her own.　To apply to such a case a
charge of felony, would be a degree of harshness, that the court
believe has never yet been witnessed in this country, nor in
that from which we have derived much of our criminal juris-
prudence, and never will, whilst a just allowance is made for
the misapprehension and distraction to which the forlorn and
melancholy state of a widow is subject—*Decreed*, that the de-
murrers in this case be overruled, &c. and that the defendant
file such plea or answer as the merits of the case, and the prac-
tice of the court require.　From this decree the defendant ap-
pealed to this court.

The cause was argued before Buchanan, Ch. J. and Earle,
Martin, Stephen, and Archer, J.

*W. Schley*, for the Appellant, contended; that the decree
ought to be reversed—1. Because the parts of the bill covered
by the *first* special demurrer charged the defendant with a fe-
lony.　2. Because the discovery, to which the *second* special
demurrer applies, would criminate her or not.　If the former,
she was not bound to answer; if the latter, it did not appear
that she had any interest in the subject matter of the discove-
ry; or was in anywise incompetent to be examined as a witness
in respect to her knowledge.　3. Because the discovery as to

the taking the bonds, &c. (every thing except the money,) did not appear to be material. A demurrer may be assigned *ore tenus* in this court. 4. Because the suit would not lie in aid of which the discovery was sought.

On the *first point*, he cited *Toller*, 133, 156. 1 *Hale's P. C.* 514. 2 *Bac. Ab.* 417. *Cooper's Plead.* 12. *Claridge v Hoare*, 14 *Ves.* 65. 2 *Stark. Evid.* 838, *(and note z. ) Cartwright v Green*, 8 *Ves.* 405.

On the *second point*, he cited *Cooper's Plead.* 202. *Fenton v Hughes*, 7 *Ves.* 290. *Cartwright v Green*, 8 *Ves.* 405.

On the *third point*, he cited *Cooper's Plead.* 12, 115. *Cartwright v Green*, 8 *Ves.* 405. *Pyle v Price*, 6 *Ves.* 780. *Brinkerhoff v Brown*, 6 *Johns. Ch. Rep.* 146, 149, 159. *Cooper's Plead.* 198, 199.

On the *fourth point*, he cited *Cooper's Plead.* 194.

*Palmer* and *Ross*, for the Appellee, cited *Sharp v Sharp*, 3 *Johns. Ch. Rep.* 407. *Le Roy v Veeder*, 1 *Johns. Cas.* 417. *Chaincey v Tahourden*, 2 *Atk.* 392. *Mitf. Plead.* 157, 224. *Arch. Cr. Plead.* 124. 1 *Hale's P. C.* 505, 515 *Kent's Mitf. Plead.* 155. *Verplank v Caines*, 1 *Johns. Ch. Rep.* 57. *Earl of Suffolk v Green*, 1 *Atk.* 449, 450. *Laight v Morgan*, 1 *Johns. Cas.* 429. *Higinbotham v Burnet*, 5 *Johns. Ch. Rep.* 184. *M'Intyre v Mancius*, 16 *Johns. Rep.* 597, 599. *Claridge v Hoare*, 14 *Ves.* 59. *Chitty's Cr. L.* 918.

STEPHEN, J. delivered the opinion of the Court. This is the case of a demurrer to a bill of discovery filed by the appellee against the appellant, on the equity side of *Frederick* county court, on the ground that the matters and things charged in the bill, of and concerning which a discovery is sought to be obtained, would or might, if confessed or answered by the respondent, subject her to punishment. The principle is incontrovertibly clear and well established, that a defendant in equity is not bound to make any discovery in answering such a bill as would subject her to the punishment of the law by a criminal prosecution, or would cause her to incur any pains, penalties or forfeitures. In this respect the principles of equitable jurisprudence interpose the same shield of protection, by which a witness is guarded in a court of common law; but it

is equally clear, that if no such penal consequence will follow, it is the undoubted right of the complainant to ask, and the duty of the defendant to make, the discovery in aid of the administration of civil justice.

In examining the allegations in the bill, it is not perceived, that they are of such a character as would, if answered, subject the respondent to the apprehended consequences. She was the widow of the complainant's testator, and shared largely in the bounties of his will, and it is presumed, in consequence of that relation, most, if not all his money and *choses in action,* passed into her custody and possession on his death. The allegations in the bill are nothing more than a charge of withholding from the complainant, the executor, who is legally and rightfully entitled to them for the purposes of his administration, a certain sum of money, and certain *choses in action,* belonging to the estate of his testator.

The only feature of the bill, which seems to cast the most distant look towards a criminal accusation, is that part of it which charges, that no person was present when she possessed herself of the money, bonds and notes; but it is most manifest, that this averment was not made to give a colour of criminality to her conduct, but to indicate the necessity of appealing to her oath, to enable the complainant to prosecute the suit against her, which was then pending at law, or any other suit, which he might thereafter find it necessary to institute. The charge is, "that no person was present when 'the said *Mary Wolf* took possession of the money aforesaid; therefore, your orator hath no legal proof to support his said action against *Mary Wolf,* without a discovery of the facts by the said *Mary Wolf* in this honourable court, on oath." It is not necessary, as was contended by the counsel for the appellant, that the discovery must be of matter necessary to support the action then pending against her in *Frederick* county court; because the position is undeniable, that a discovery may be had, not only to support an action then instituted, but as auxiliary to the maintenance of a suit then contemplated to be brought. This principle is clearly laid down by *Cooper,* in his Treatise on Pleading in Equity, 191, 192, where he says, "where a bill was brought for a discovery in aid of an action intended to be brought, a demurrer,

upon the ground that a bill will not lie merely for a discovery to enable the plaintiff to go to law, where the plaintiff had not actually brought his action, was overruled." In support of this doctrine he cites *Moodalay v Morton*, 1 *Bro. Ch. Rep.* 469. 2 *Dick.* 652.

Where a crime is charged in the bill, it is the privilege of the respondent not to be compelled to confess, either the offence charged, or any fact which may aid in the prosecution of it. This principle will be found in *Claridge v Hoare*, 14 *Ves.* 65, laid down in the following words: "A defendant has a right to insist that he is not to be compelled to answer, not only the broad and leading fact, but any fact, the answer to which may furnish a step in the prosecution, if any person should choose to indict him." But it must appear, either by the bill of the complainant, or by the plea of the defendant, that his answer may subject him to punishment, or he will be compelled to make the discovery asked for in the bill. As if a bill states a marriage of the defendant with a particular woman, this of itself is no offence; but if he pleads that she is his sister, that fact would constitute the alleged marriage a criminal act, and he may refuse to state any thing more, or to speak as to any fact or circumstance which may form a link in the chain. For this principle, see also *Claridge v Hoare*, 14 *Ves.* 64, where the Lord Chancellor, speaking in relation to this subject, says, "The first consideration is, whether an indictable offence is stated. For the consideration of that question, the fact appearing upon the plea, the embezzlement, contrary to the late act of parliament, must be taken to be true; also, that all the matters stated in the bill, relate to the transaction, so stated in the plea, as criminal. Then the bill and plea together bring forward the case of an individual charged with felony, and an agreement between several other persons, of which the object was to prevent a prosecution." In the case before this court, there is nothing in the allegations of the complainant, or in the defence of the defendant, which indicate a criminal charge, to a prosecution for which, the respondent might render herself amenable by responding to the facts charged in the bill or the interrogatories therein contained.

DECREE AFFIRMED.