(Decided 3rd June, 1875.)

---

WILLIAM H. TREGO, and others *vs.* FRANCIS SKINNER, and others, trading as FRANCIS SKINNER & Co.

*Debtor and Creditor—Jurisdiction in Equity—Equity pleadings— Parties—Multifariousness—Demurrer—Plea—Practice in the Court of Appeals.*

A creditor who has exhausted his remedy at law by a fruitless execution on his judgment, has the right to ask the aid of a Court of Equity to discover and reach the equitable assets of his debtor, including property purchased by the debtor in the name of another, and to have fraudulent conveyances standing in his way and covering up the property, set aside and vacated.

Jurisdiction in equity to grant such relief is clear, and established by abundant authority.

In such a proceeding where part of the property pursued has been mortgaged, but no relief is sought against the mortgagee, whose mortgage is not assailed, and whose title under it is conceded to be valid, such mortgagee is not a necessary party to the proceeding.

Where the object of the bill is to obtain satisfaction of the complainants' judgments out of the assets and property of their debtor, which they allege he has fraudulently concealed and conveyed to different parties; the several persons to whom he has thus conveyed distinct parcels of his property, real and personal, for the same fraudulent purpose, may be joined with the debtor in the bill, though such persons may have no common interest in the several parcels so conveyed, and no joint fraud in any one transaction be charged against all of them.

Trego, *et al. vs.* Skinner, *et al.*

Where an appeal is taken by the defendants from an order of the Court below, overruling a demurrer or plea to the bill, and requiring them to answer within fifteen days, the Court of Appeals will not, in case the demurrer or plea is held to have been properly overruled, pass a final decree against the appellant without giving leave to answer.

Nor has this Court which is strictly an appellate tribunal, any power at the suggestion of the appellees, who have not appealed from the order, to reverse that part of it which gives the defendants time to answer, and pass a final decree on the bill.

APPEAL from the Circuit Court of Baltimore City.

The facts are sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ALVEY, J.

*Thomas R. Clendinen,* for the appellants.

The bill of complaint is multifarious, because it seeks to join the separate remedies against Wm. H. Trego, Ann J. Trego and Ogden A. Kirkland, in the one bill. O. A. Kirkland has no connection with the complainants' alleged case against Wm. H. Trego and Ann J. Trego, in regard to the deed of the house, which the complainants seek to set aside, and the complainants have no right to put him to the trouble and expense of a litigated question with which he has nothing to do. *Story's Equity Pleadings, sec.* 271 *and note* 2.

Ann J. Trego has no connection with the complainants' alleged case against the firm of Trego & Kirkland, and for the like reason, she should not be compelled to defend matters with which she has no concern.

Again, the bill wants proper parties; it shows upon its face that the Land Company has a mortgage upon the property, and yet it is not made a party. For these reasons the bill is demurrable. *White vs. White,* 5 *Gill,* 359;

*Wilson vs. Wilson,* 23 *Md.,* 162; *Griffin vs. Merrill,* 10 *Md.,* 364.

*Orlando F. Bump,* for the appellees.

This bill differs from the ordinary bills to set aside fraudulent conveyances in that the complainants have exhausted their remedies at law. In such case a creditor has a right to the aid of a Court of Equity to discover and reach the equitable assets of the debtor. *Hadden vs. Spader,* 20 *Johns.,* 554; *Same Case,* 5 *Johns. Ch.,* 280; *McDermutt vs. Strong,* 4 *Johns. Ch.,* 687; *Tappan vs. Evans,* 11 *N. H.,* 311; *Tantum vs. Green,* 21 *N. J. Eq.,* 364; *Catchings vs. Manlove,* 39 *Miss.,* 655; *Odenheimer vs. Hanson,* 4 *McLean,* 437; *Gordon vs. Lowell,* 21 *Me.,* 251; *Smithier vs. Lewis,* 1 *Vern.,* 398; *Harris vs. Alcock,* 10 *G. & J.,* 251; *Rose vs. Bevan,* 10 *Md.,* 466.

The right to reach property purchased in the name of another rests upon this principle. *Gowing vs. Rich,* 1 *Ired.,* 553; *Taylor vs. Heriot,* 4 *Dessau,* 227; *Godbold vs. Lambert,* 8 *Rich. Eq.,* 155; *Coleman vs. Cocke,* 6 *Rand.,* 618; *Brown vs. McDonald,* 1 *Hill Ch.,* 297; *Farrow vs. Teackle,* 4 *H. & J.,* 271.

A bill to reach equitable assets may also seek to set aside a fraudulent conveyance. *Way vs. Bragaw,* 16 *N. J. Eq.,* 213; *Randolph vs. Daly,* 16 *N. J. Eq.,* 313.

Several grantees claiming different portions of the property by distinct conveyances, may be joined, for the object is to obtain satisfaction out of such property, and this is single. *Brinkerhoff vs. Brown,* 6 *Johns. Ch.,* 139; *Fellows vs. Fellows,* 4 *Cow.,* 682; *Hamlin vs. Wright,* 23 *Wis.,* 491; *Allen vs. Montgomery R. R. Co.,* 11 *Ala.,* 437; *Snodgrass vs. Andrews,* 30 *Miss.,* 472; *North vs. Bradway,* 9 *Minn.,* 183; *Reed vs. Stryker,* 4 *Abb. Ap.,* 26; *Boyd vs. Hoyt,* 5 *Paige,* 65; *Hammond vs. Hudson River Co.,* 20 *Barb.,* 378; *Way vs. Bragaw,* 16 *N. J. Eq.,* 213; *Randolph vs. Daly,* 16 *N. J. Eq.,* 313; *Bank vs. Suydam,* 6 *How. Pr.,* 379.

The bill asks no relief against the Chesapeake Mutual Land and Building Association, but merely seeks the interest of Wm. H. Trego, consequently it is not a necessary party. *McRae vs. Bank,* 19 *How.,* 376; *Venable vs. Bank,* 2 *Pet.,* 107; *Walter vs. Riehl,* 38 *Md.,* 211; *Story's Eq. Pl.,* sec. 228.

It is manifest that the appellees are entitled to some relief against each of the appellants. The demurrers are to the whole bill, and being bad as to a part are bad as to the whole. *Story's Eq. Pl.,* sec. 443; *Livingston vs. Story,* 9 *Pet.,* 632.

The appellants having declined to answer, the decree must be final without leave to answer. *Rider vs. Gray,* 10 *Md.,* 282.

MILLER, J., delivered the opinion of the Court.

This appeal is from an order overruling demurrers to a bill in Equity. The bill avers that in October, 1871, and June, 1872, the complainants recovered judgments on three notes of William H. Trego, for $500 each, executed in April, 1870, and that on each of these judgments a *fieri facias* has been issued and returned *nulla bona;* that other judgments have been recovered against the same party and on and prior to the 6th of December, 1871, he was insolvent: that on that day he purchased a piece of property from Ephraim Baldwin, but with intent to delay, hinder and defraud his creditors, caused the conveyance to be made to his wife Ann J. Trego; that he paid the purchase money therefor and on the same day he and his wife executed a mortgage of the property to the Chesapeake Mutual Land and Building Association and since that time he has out of his own funds paid all the dues, fines and interest accruing on that mortgage. It then further charges that Trego is a member of the firm of Trego & Kirkland, consisting of himself and Ogden A. Kirkland; that this firm has for some time been doing a profitable business and that

they kept their bank account in the firm name in the National Union Bank until an attachment was laid in the hands of the bank for a debt due by Trego, when the account was transferred to some other bank unknown to the complainants, where it is now kept in the name of Kirkland alone, for the purpose of avoiding attachment by Trego's creditors; that this firm has invested funds in stocks which have been taken in the name of Kirkland alone, in order to hinder, delay and defraud the creditors of Trego, and has also invested in the same manner and for the same fraudulent purpose other assets to a large amount, and that they are auctioneers and have no tangible property in their own name on which an execution or attachment can be levied; that Trego has also other equitable assets and *choses in action,* which complainants are unable to reach or discover, and that complainants have exhausted their remedy at law, and have found themselves unable to collect their demands, all of which remain unpaid, without the aid of a Court of Equity.

Special interrogatories are then addressed to each of the defendants to be answered under oath. Trego and wife are required to disclose from what source the money was derived, which was paid to Baldwin for the property mentioned in the deed to the wife, whether any part of it belonged to the wife, and if so, how she obtained it, and a similar inquiry is made respecting the money paid under the mortgage to the Building Association. Trego is further required to discover whether he has any interest in any money, stock or property now held in the name of Kirkland, and whether he owns any such property or *choses in action* either individually, or as a member of the firm of Trego & Kirkland, and if so to state the same and where situated or located. And Kirkland is called upon to answer and discover whether Trego has any interest in any property, stock, money, or *choses in action,* standing in his, Kirkland's, name, and if so what interest, and if so, to set

forth the same in detail and disclose where it is located, and also whether the firm of Trego & Kirkland, has any such property, and if so, what and where situated.

The bill then prays that a receiver be appointed to take charge of all the property, money, stock and *choses in action* belonging to Trego, or in which he has an interest, that the same may be collected and sold, and the proceeds applied to pay the claims of the complainants, and that the deed to Mrs. Trego, (a copy of which is filed with the bill,) may be declared fraudulent, and all the interest of her and her husband, in the property therein mentioned may be sold, and the proceeds applied in the same way, and for general relief.

Each of the defendants, Trego, wife and Kirkland, filed separate demurrers, and the grounds of demurrer are, 1st. Want of equity. 2nd. Multifariousness, and 3rd. Nonjoinder of the Building Association as a party to the suit.

We have no doubt, but that a creditor who has exhausted his remedy at law, by a fruitless execution on his judgment, has the right to ask the aid of a Court of Equity to discover and reach the equitable assets of his debtor, including property purchased by the debtor in the name of another, and to have fraudulent conveyances standing in his way, and covering up the property, set aside and vacated. Jurisdiction in equity to grant such relief is clear and established by abundant authority. Nor have we any difficulty as to the non-joinder of the Building Association. No relief is asked against them, their mortgage is not assailed, and their title under it is conceded to be valid. There is, therefore, no ground on which they can be regarded as a necessary party to the suit.

The objection of multifariousness is one of more difficulty. It has been strongly urged by the appellants' counsel, that Kirkland has no connection with the case made by the bill against Trego and his wife, in regard to the

deed of the property which it is sought to have set aside, and the complainants have no right to put him to the trouble and expense of a litigated question, with which he has nothing to do ; and that Mrs. Trego has no connection with the alleged case against the firm of Trego & Kirkland, and for a like reason she should not be compelled to defend matters with which she has no concern. On this general subject, there are a multitude of decisions which we do not propose to review in this opinion. There cannot be deduced from them any rule of universal application, and it is conceded much must be left to the discretion of the Court in particular cases. Certain general principles are clearly enough settled. Thus it is improper to join in one bill distinct and independent matters, and thereby confound them ; as for example, to unite in one bill several matters perfectly distinct and unconnected against one defendant, or to demand in the same bill several matters of a distinct and independent nature against several defendants. But the objection must be confined to cases where the case of each particular defendant is entirely distinct and separate in its subject-matter from that of the other defendants, and it is not indispensable that all the parties should have an interest in all the matters contained in the suit ; it will be sufficient if each party has an interest in some matters in the suit, as they are connected with the others. And again, there may be cases in which multifarious matters of distinct natures, may be involved in the bill, and yet from the objects of the bill the objection of multifariousness as to a particular defendant ought not to prevail. *Story's Eq. Pl.*, secs. 271, 271a, 278a. The sole object of the bill here, is to obtain satisfaction of the complainants' judgments out of the assets and property of their debtor, which they allege he has fraudulently concealed and conveyed to different parties ; it seeks to subject that property to the payment of their claims. The object being thus single, we see no good reason why the several

persons to whom he has thus conveyed distinct parcels of his property, real and personal, for the same fraudulent purpose, of hindering, delaying and defrauding his creditors, though such persons may have no common interest in the several parcels so conveyed, and no joint fraud in any one transaction be charged against all of them, may not be joined with the debtor in a bill which seeks to bring all his property within the reach of the complainants' judgments. But this very question has been decided by Courts of high authority in a number of cases. We refer to *Chase vs. Searles*, 45 *N. H. Rep.*, 511 ; *Way vs. Bragaw*, 1 *C. E. Green*, (16 *N. J. Eq. Rep.*,) 213 ; *Randolph vs. Daly, Ibid.*, 313 ; *Snodgrass vs. Andrews*, 30 *Miss. Rep.*, 472 ; *Hamlin vs. Wright*, 23 *Wis.*, 491 ; *North vs. Bradway*, 9 *Minn.*, 183, and *Boyd vs. Hoyt*, 5 *Paige*, 65. These decisions are supported by the reasoning of Chancellor KENT in *Brinkerhoff vs. Brown*, 6 *Johns. Ch. Rep.*, 139, and of the Court of Errors in *Fellows vs. Fellows*, 4 *Cowen*, 682. Reference may be also made to the decision of Lord LYNDHURST, overruling the demurrer in the case of *Lord Foley vs. Carlon*, 1 *Younge*, 373. The rule laid down by these adjudications is in our opinion, a correct and safe one, and under it the present bill must be sustained. It is a case differing in many respects from that of *White vs. White*, 5 *Gill*, 359, and others in which demurrers on this ground have been sustained.

The appellees' counsel has insisted that if this Court comes to the conclusion that the demurrers were properly overruled, we must pass here a final decree against the appellants, without giving them leave to answer. For this harsh position, no precedent in this State or under our practice has been cited, and we are confident none exists. The penalty for interposing a demurrer which is not sustained, is fixed by the *Code, Art.* 16, *sec.* 102, and the uniform practice, so far as we are informed, in our Equity Courts, has been upon passing an order overruling

a plea or demurrer, to grant leave, or require the defendants, to answer within a limited time. We see no reason why the defendants should be deprived of that privilege by an unsuccessful appeal from such an order. But apart from this, the order appealed from overrules the demurrers with costs, and directs that the defendants answer the bill within fifteen days, and this Court, which is strictly an appellate tribunal, has no power at the suggestion of the appellees who have not appealed from it, to reverse this part of the order, and pass a final decree on the bill. We can simply affirm the order as a whole, and remand the cause, when the appellants will have an opportunity to answer if they see proper.

*Order affirmed, and*
*cause remanded.*

(Decided 3rd June, 1875.)