# CIRCUIT COURT OF BALTIMORE CITY.

Filed November 11, 1896.

D. K. ESTE FISHER, ETC., RECEIVERS,

VS.

HARRY A. PARR, ET AL.

*Bernard Carter* and *Charles J. Bonaparte* for plaintiffs.

*John H. Thomas, R. M. Venable, Blakistone & Blakistone* and *W. P. Whyte* for defendants.

DENNIS, J.—

Upon motion of the plaintiffs two questions of law raised by the answer of the defendants have been submitted to the Court for determination, under the provisions of the Code embodied in Sec. 183, Art. 16.

These questions arise upon the following allegations of the answer:

1st. "That the complainants could have complete and adequate relief at law for all the matters in said bill mentioned and for which they are entitled to any redress; and this Court has, therefore, no jurisdiction in the premises."

2nd. "That some of the matters complained of in said bill occurred, if at all, before this respondent was a director of the corporation therein referred to; and some of them occurred, if at all, while some of the defendants were and some of them were not directors of said corporation, and that the said bill, for these and other reasons, is multifarious."

No demurrer has been filed to the bill; and in considering these questions, therefore, we must assume that the facts stated in the bill are true, and, if true, that they constitute a good cause of action. The only questions with which we have to deal at present are, has this Court jurisdiction in such a case? and is the bill multifarious?

(1) Upon the first point, I think the language of the Court of Appeals, in Booth vs. Robinson, 55 Md. 436, conclusive against the contention of the defendants. Notwithstanding the able and vigorous contention of the learned counsel for the defendants, the proposition there announced is too emphatic and pointed to permit me to consider it as *obiter dicta*, especially when in the decisions upon which it is based, and upon which the Court relies, the very question now raised was up for determination.

(2) Is the bill multifarious?

The theory of the bill is that, prior to the election of any of the defendant directors, certain loans were made by the old board to the president of the corporation, which were illegal under the provisions of the Code forbidding a corporation to make loans to any of its officers; that, upon becoming acquainted with these facts, certain of the then directors entered a protest against all such loans and requested that they should be called in and no more similar ones allowed; that this protest was disallowed by the full board, whereupon the protesting directors resigned, and the defendants were chosen to fill the vacancies; that, notwithstanding the illegality of said loans, to which attention was specially called by this protest, other loans of a similar character continued to be made; that while some of such loans may have been made before certain of the defendants became directors, yet similar ones were made after they became directors with their sanction and approval, except in the case of the defendant Jackson, after whose election no such loan was made; and it is therefore urged that, inasmuch as every director is presumed as matter of law to be acquainted with the minutes of his own board, and inasmuch as these loans, both those previous to and those occurring during their term of service, were illegal, and they were put upon full notice thereof both by

reason of the protest as well as their position as directors, they are to be held liable on the grounds.

1st. For not having had such loans as were made previously to their incumbency called in, and forbidden in the future.

2nd. For not having forbidden such loans as were made during their own incumbency;—and

3rd. For negligence in not having disclosed to the stockholders the fact of such illegal loans having been made, so as to have enabled them to protect themselves both as regards the past and future ones.

Under the 1st and 3rd of these grounds, Jackson is embraced equally with the other defendants, although no such loans were made after he became director.

Such is the general theory of the bill, and, as we have seen, in the consideration of the present question, we are bound to assume that it makes out a good cause of action against the defendants; the enquiry is, does it constitute such a misjoinder of defendants as to make the bill multifarious?

While it is difficult to make out any hard and fast rule as to what constitutes multifariousness, no better statement of the principle by which it is to be determined, can be found than in the language of the late Judge Miller, in the case of Trego vs. Skinner, 42 Md. 432. The Court there says:

"It is improper to join in one bill distinct and independent matters, and thereby confound them; as for example, to unite in one bill several matters *perfectly distinct and unconnected* against one defendant, or to demand in the same bill several matters of a *distinct* and *independent* nature against several defendants. But the objection must be confined to cases where the case of each particular defendant is *entirely distinct* and separate in its subject matter from that of the other defendants, and it is not indispensable that, *all* the parties should have an intest in *all* the matters contained in the suit; it will be sufficient if *each* party has *an interest in some matters* in the suit, as they are connected with the others."

Applying this test to the bill in this case, it seems to be clearly free from the objection of multifariousness.

Both under the theory of culpable negligence in not acquainting the stockholders with the fact of illegal loans having been made, and their further failure to perform their duty as directors in not having such previous loans called in, all the defendants stand upon precisely the same footing, no matter whether similar illegal loans were made during their term of service or not; and hence each is a proper, even if not a necessary party to the suit.

In announcing these conclusions upon the questions of law raised by the pleadings, in the consideration of which I have had to assume the validity of the plaintiffs' contention of the defendants' liability under the theories of the bill, in order to prevent any possible misconstruction, I desire to state that I in no way pass upon the actual validity of such contention, as I do not think that the question is in any way involved in the present controversy.