(Decided December 20th, 1898.)

---

## JOHN B. PARROTT *vs.* THE CHESTERTOWN NATIONAL BANK ET AL.

*Subrogation of Surety to Rights of Principal—Bill for Discovery.*

A surety is not entitled to be subrogated to the rights of his principal against the creditor, unless he has paid in full the debt due by the principal to such creditor.

Where a principal has executed a mortgage to his creditor to secure the payment of certain debts, a surety for one of such debts is entitled to maintain a bill of discovery to ascertain what part of the debt for which he is liable is covered by such mortgage, or has been paid in full or in part from the proceeds thereof.

A bill of discovery lies to obtain information proper for the defence of a suit about to be brought against the complainant.

Appeal from a decree of the Circuit Court for Kent County (MARTIN, J.), dismissing the bill of complaint.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS, BOYD and PEARCE, JJ.

*James P. Gorter* (with whom was *Hope H. Barroll* on the brief), for the appellant.

For the appellee, the cause was submitted on brief of *Charles T. Westcott* and *Richard D. Hynson.*

BRISCOE, J., delivered the opinion of the Court.

The bill in this case was filed in the Circuit Court for Kent County by the appellant, surety, to be subrogated to the rights of the Chestertown National Bank, one of the appellees, and also for a discovery of sundry payments made by the maker of a promissory note held by the appellee bank. A demurrer was interposed to the bill, answers by two of the defendants and exceptions filed to the answers. The case was thus submitted to the Court below, and the plaintiff's bill having been dismissed, he has appealed.

There can be no question, and it is so conceded by the appellant here, that he is not entitled to an application of the doctrine of substitution or subrogation because it does not appear that he has paid in full the debt on which the assignment is claimed, nor any part of it. The law is well settled that an equitable assignment in favor of a surety cannot be effected unless he has paid the entire debt of the creditor; the principles of substitution require payment in full of the debt on which the equitable assignment is claimed. *Freaner* v. *Yingling et al.,* 37 Md. 491; *Swan* v. *Patterson et al.,* 7 Md. 164; *Neptune Insurance Co.* v. *Dorsey,* 3 Md. Chan. 334.

The only question then presented by the record is whether the bill alleges such facts as entitle the plaintiff to relief by a Court of Equity, and this requires an examination of the allegations of the bill. The bill states that the appellant, with a certain Colin F. Stam and Benjamin F. Fleming, two of the appellees, were indebted to the Chestertown National Bank on a prom-

issory note drawn by Fleming, with the appellant, Par-rott, and the appellee, Stam, as sureties; the balance due on the note, at the time of the filing of the bill, being the sum of $546.52; that on the 9th of July, 1892, Fleming executed to the appellee bank a mortgage on certain real estate situate in Kent County, which re-cited that "whereas Fleming is indebted unto the Chestertown National Bank, in the sum of twenty-nine hundred dollars evidenced by sundry notes, contracts and evidences of debt, and for the purpose of securing the payments of the notes and contracts and debts, the mortgage was executed."

The bill further states that the Fleming note, on which the appellant and the appellee, Stam, are sureties, is a part of the sum of $2,900, and one of the notes which the mortgage was given to secure; that the appellee bank declines to disclose, although application has been made to it, the necessary information as to the true state of the application of payments from the sale of the property described in the mortgage so as to enable the appellant to defend his rights as surety in an action at law, which has been threatened in the Circuit Court for Kent County; that the indebtedness of $2,900 recited by the mortgage has been reduced to the sum of $1,800, but that the payments have not been properly and equit-ably applied. The prayer of the bill among other things is for a discovery in detail by the bank and the ap-pellees Fleming and Stam of all sums by them paid or received on account of the mortgage since its execution and to discover all the makers and sureties on all notes, contracts, etc., to secure which the mortgage of $2,900 was given. The bill then closes with a prayer for gen-eral relief.

To this bill the defendants as we have seen demurred, two of them answered, and the Court seems to have sustained the demurrer and ordered the plaintiff's bill to be dismissed.

In this view of the case we cannot concur. The plain-tiff was clearly entitled to have a discovery in order to enable him to properly defend with effect the suit which,

as alleged by the bill, was threatened by the bank, and which by the answer of the bank had actually been instituted against him.

The principle was established by this Court as far back as the case of *Wolf* v. *Wolf*, 2 H. & G. 382, that it is not necessary that the discovery be of matter to support the action then pending, because a discovery may be had not only to support an action then instituted but as auxiliary to the maintenance of a suit then contemplated to be brought.

By the terms of the mortgage of the 9th of July, 1892, the plaintiff was equally protected with the other sureties or parties on Fleming's notes, held by the bank, and he was entitled to have a full and frank disclosure by the appellee bank of the status of the property mentioned in the mortgage, as well as a statement of all payments and their application from the sale thereof. *Chew* v. *Buchanan*, 30 Md. 367; *Dixon* v. *Clayville*, 44 Md. 574. Without a disclosure by the bank in this case, the appellant could not ascertain the proper amount, if any, which is due by him as surety to the bank, nor properly protect his rights in the suit pending against him. In the case of *Gray* v. *Farmer's Bank*, 81 Md. 643, this Court said, that "if the surety desires to expedite payment, he may pay the debt, and by that means put himself in the place of the creditor or he may call on the creditor by the aid of a Court of Equity to proceed against the debtor upon giving the proper indemnity against costs and delays. *Freaner* v. *Yingling*, 37 Md. 497; *Whitridge* v. *Durkee*, 2 Md. Chan. 445.

The reasons we have stated clearly entitle the plaintiff to a reversal in this case, and it will be so ordered and the cause remanded, with costs in both Courts.

> *Order reversed and cause remanded,*
> *with costs in both Courts.*

(Decided December 20th, 1898.)