SAMUEL W. REGESTER et al. *vs.* HENRY S. REGESTER.

*Equity—Multifariousness—Fraudulent Conveyances.*

A bill by a judgment creditor against the judgment debtor and several different persons to whom the debtor had conveyed separate portions of his real and personal property seeking to set aside the conveyances because voluntary and fraudulent as against the plaintiff is not multifarious, although there is no privity between the grantees.

*Decided November 15th, 1906.*

Appeal from the Circuit Court No. 2, of Baltimore City (Wickes, J.)

The cause was argued before McSherry, C. J., Briscoe, Boyd, Schmucker, Jones and Burke, JJ.

*William Colton*, for the appellant, submitted the cause on his brief.

*Thomas C. Ruddell* (with whom were *Henry Duffy* and *Charles H. Behn* on the brief), for the appellee.

Schmucker, J., delivered the opinion of the Court.

The appeal in this case is from an order of Circuit Court No. 2, of Baltimore City, overruling the demurrers to the bill of complaint filed by the appellants as defendants in the Court below. The ground of the demurrers was that the bill was multifarious for uniting in one proceeding, against several defendants between whom there was no privity, separate and distinct causes of action.

The bill was filed by the appellee, Henry S. Regester, against Samuel W. Regester and his son, two daughters and son-in-law. It is alleged in the bill that on May 9th, 1903, the defendant, Samuel W. Regester, promised to pay to the plaintiff ten thousand dollars for certain stock to be thereafter delivered to him, of which sum he paid to the plaintiff five hundred and five dollars on account but no more. That upon the failure to receive further payments on account of the purchase money the plaintiff on August 3rd, 1903, after due notice to the defendant, Samuel W. Regester, sold the whole of the stock at public auction at his risk, realizing therefrom $1,900, which was duly credited upon the said purchase money; and thereafter brought suit against him in the Court of Common Pleas for the portion of the purchase money still remaining unpaid and on November 20th, 1905, recovered a judgment against him for $7,686 and costs.

The bill then alleges that pending the transactions aforesaid Samuel W. Regester, while so indebted to the plaintiff, volun-

tarily and without consideration and with the intent to hinder, delay and defraud the complainant and prevent the collection of the debt, conveyed and transferred on August 4th, 1903, to his son, Edward C. Regester, 300 shares and to his daughter, Louisa Burch, 200 shares and to his daughter, Hester Spice, 200 shares of the Capital Stock of the Central Foundry Company of New Jersey, and on December 22nd, 1904, conveyed to his son-in-law, T. Warren Burch, a lot of ground and improvements on St. Paul street in Baltimore City. The bill further avers upon information and belief that the defendant, Samuel W. Regester, has made transfers of other stocks and property to his said co-defendants without consideration and with the same fraudulent intent. It is also alleged that the plaintiff has exhausted his remedy at law by issuing an execution on his said judgment which was returned *nulla bona* by the Sheriff.

The prayer of the bill is for an answer under oath and discovery by the defendants touching transfers of property from Samuel W. Regester to the others and by them to third persons, for vacating the alleged fraudulent transfers set forth in the bill, for an injunction and receiver, and for money decrees against those of the defendants to whom the alleged fraudulent transfers were made, for the value of the property so transferred to them and for further relief.

The demurrers of the defendants assigned the multifariousness of the bill as the cause of demurrer.

The learned Judge below committed no error in overruling the demurrers of the defendants. It is well settled that a judgment creditor who has exhausted his remedy at law by the issue of a fruitless execution is entitled to proceed in equity to discover and reach the equitable assets real and personal of his debtor. In order to reach such assets the creditor is entitled to have set aside and annulled any fraudulent conveyances by which they have been covered up. He is entitled to this equitable relief not only against the debtor but also against all persons who have voluntarily and without consideration permitted themselves to be made the custodians and

apparent owners of the assets which the debtor has endeav-
ored to fraudulently conceal. · In fact we do not understand
the appellants to dispute that the creditor is entitled to equit-
able relief of the character and to the extent stated, but they
insist that in the exercise of his right he cannot proceed un-
der the same bill against the debtor and a number of other
persons to each of whom he is alleged to have fraudulently
conveyed or transferred a separate and distinct portion of his
assets, and between whom there is no privity. ·

We have repeatedly said that there is no fixed or inflexi-
ble rule by which to determine whether or not a bill is multi-
farious. The test must be applied to the facts of each partic-
ular case in the light of the general principles regulating
singleness in pleading which forbid the blending in the same
suit entirely distinct and separate matters relating to different
parties. In the case of *Trego* v. *Skinner & Co.*, 42 Md. 426,
our predecessors had occasion to consider the application of
the rule against multifariousness to a case almost identical in
every essential feature with the one now under consideration.
In that case this Court, after a full discussion of the principles
involved, sustained the lower Court in overruling the defend-
ant's demurrer for multifariousness to a bill, seeking to dis-
cover and reach equitable assets of the debtor, which had
been filed by a judgment creditor against the debtor and other
persons who, it was alleged, had severally assisted him in cov-
ering up separate and distinct portions of his property by ac-
cepting transfers thereof from him or holding the title thereto
in their own names for his benefit.

· In the portion of the opinion in that case bearing upon the
objection of multifariousness raised by the demurrers, the
Court, after stating that there is no fixed rule of universal ap-
plication deducible from the cases on the subject, say "Certain
general principles are clearly enough settled. Thus it is im-
proper to join in one bill distinct and independent matters and
thereby confound them; as for example to unite in one bill
several matters perfectly distinct and unconnected against one
defendant, or to demand in the same bill several matters of a

distinct and independent nature against several defendants. But the objection must be confined to cases where the case of each particular defendant is entirely distinct and separate in its subject-matter from that of the other defendants, and it is not indispensable that all the parties should have an interest in all the matters contained in the suit; it will be sufficient if each party has an interest in some matters in the suit as they are connected with the others   *   *   *   . The sole object of the bill here, is to obtain satisfaction of the complainant's judgments out of the assets and property of their debtor, which they allege he has fraudulently concealed and conveyed to different parties; it seeks to subject that property to the payment of their claims.   The object being thus single, we see no good reason why the several persons to whom he has thus conveyed distinct parcels of his property, real and personal, for the same fraudulent purpose of hindering, delaying and defrauding his creditors, though such persons may have no common interest in the several parcels so conveyed, and no joint fraud in any one transaction be charged against all of them, may not be joined with the debtor in a bill which seeks to bring all his property within the reach of the complainant's judgment.   But this very question has been decided by Courts of high authority in a number of cases.   We refer to *Chase* v. *Searles*, 45 N. H. 511,   *Way* v. *Bragaw*, 16 N. J. Eq. 213, *Randolph* v. *Daly*, Ib. 313,   *Snodgrass* v. *Andrews*, 30 Miss. 472,   *Hamlin* v. *Wright*, 23 Wis. 491,   *North* v. *Bradway*, 9 Min. 183,   *Boyd* v. *Hoyt*, 5 Paige 65."

The case of *Trego* v. *Skinner* (*supra*) was cited and relied on by this Court in *Brian* v. *Thomas*, 63 Md. 465, in holding to be free from multifariousness a creditor's bill which united as defendants all of the grantees under alleged fraudulent deeds made to them separately by the debtor of distinct portions of his property.

We regard these cases as conclusive of the question of multifariousness raised by the present record and we will affirm the order appealed from.

                         *Order affirmed with costs.*