HORACE S. WHITMAN, RECEIVER, ETC., *vs* THE
UNITED SURETY CO. AND WM. C. DORSEY.

*Bill for Discovery, Accounting and Vacating of Assignment of
Debt—Multifariousness.*

The receiver of an insolvent corporation is entitled to maintain
a bill in equity to set aside an alleged fraudulent or preferen-
tial assignment of a debt by the corporation, and for a discov-
ery and accounting by the debtor of the amount due under
his contract with the corporation.    To such a bill both the
debtor and the assignee of the debt are proper parties.

A bill for a discovery, account and payment into Court of a
debt, and for the cancellation of an alleged fraudulent assign-
ment thereof, and an injunction to restrain its collection by
the assignee, is not multifarious.

A bill by the receiver of an insolvent corporation against A. and
B. alleged that the defendant A. was indebted to the corpora-
tion; that B. claimed to be entitled to this debt under an
assignment, no copy of which was in the possession of the
receiver; that if this assignment was without adequate con-
sideration, it was fraudulent as against the creditors of the
company, and was an unlawful preference; that B. had insti-
tuted suits against A. to recover the balance of the debt.    The
bill prayed that A. be required to render an account of the
money due; that B. be required to make discovery of the
transaction relating to the alleged assignment to him; that if
the assignment was voluntary or upon inadequate considera-
tion it may be vacated, and that B. be enjoined from prose-
cuting the suits against A.    Upon A.'s demurrer to this bill,
*held,* that it states such a case as entitles the plaintiff to
relief in equity.

*Held,* further, that the bill is not multifarious.

*Decided March 24th, 1909.*

Appeal from the Circuit Court No. 2 of Baltimore City GORTER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, WORTHINGTON and HENRY, JJ.

*Thomas F. Cadwalader* and *Arthur W. Machen, Jr.,* for the appellant.

*Edwin J. Farber,* for the United Surety Co. appellee.

BRISCOE, J., delivered the opinion of the Court.

The appeal in this case is from an order of Circuit Court No. 2 of Baltimore City, sustaining a demurrer of the appellee, one of the defendants below and dismissing the bill of complaint as to the defendant, the United Surety Company, with costs.

The appellant is receiver of the Clarion Concrete Construction Company, a body corporate of this State, and was appointed under the provisions of the Code, Art. 23, sec. 376, providing for the dissolution of insolvent corporations, in a cause entitled *McCay Engineering Company* v. *Clarion Concrete Construction Company.*

The appellee, the United Surety Company is also a body corporate, created and incorporated under the laws of Maryland and authorized to transact business in the State.

The amended bill avers that on the 13th of January, 1908, the appellant, as the receiver of the Clarion Company, was authorized and directed, by an order of Court, to institute proceedings against William C. Dorsey, and the United Surety Company touching the matters set forth in the bill of complaint.

"3. That on the 25th day of September, 1906, the Clarion Company entered into a contract with the United Surety Company, whereby in consideration of the sum of five thousand eight hundred ($5,800.00) dollars payable at the time

or times and in the manner in the contract provided, the Clarion Company was to do and complete certain work upon a certain church building, to wit, St. David's Episcopal Church, at Roland Park in Baltimore County, Maryland, a copy of the agreement is filed with the original bill in this cause the original not being in the plaintiff's possession, but as he believes and therefore avers, in the possession of one or other of the defendants.

"That in pursuance of the contract the Clarion Company did perform all the work which by the terms thereof it was required to perform, and a part of the money due thereon has been paid on account to the Clarion Company by the United Surety Company, but a considerable balance yet remains due and unpaid, but the plaintiff has no means whatever of ascertaining or verifying the state of the account between the United Surety Company and the Clarion Company, inasmuch as the books and papers turned over to him as receiver by the officers of the Clarion Company fail to disclose the same."

The bill further alleges: "That it is claimed by William C. Dorsey, one of the defendants, that by virtue of a certain alleged assignment (whereof the original is not in the plaintiff's possession, but if it hath any existence, is in the possession of Dorsey, purporting to be executed by the Clarion Company through its proper officers, in the terms set out in a paper alleged to be a copy thereof and filed in this cause), the Clarion Company set over and assigned to Dorsey all its title, interest, claim and demand in and to its contract with the United Surety Company and in and to all moneys then due or thereafter to become due under said contract or otherwise for work done and material furnished in and about the construction of the church building.

"That the copy of the alleged assignment fails to disclose what consideration if any passed from Dorsey to the Clarion Company, and as the books and papers in hand as receiver, fail to disclose this matter, he cannot inform himself thereon

without a full and frank discovery by the defendant, William C. Dorsey."

The bill also charges: "That if the assignment was made without consideration it amounts to an undue preference, in favor of Dorsey and was made for the purpose and with the effect of defrauding the stockholders and creditors of the Clarion Company and is void, and ought to be set aside by this Court."

"That at the time the alleged assignment was made, the Clarion Company was, and it still is, indebted to divers parties in amounts whose total largely exceeds its assets, and being thus insolvent, the making of the assignment without adequate consideration was a preference of Dorsey over the creditors, and was made with the intent and effect of hindering and defrauding creditors and was undue, unlawful, fraudulent and void, and the assignment if so made should be set aside.

"That if under the terms of the alleged assignment any good and sufficient consideration were due from Dorsey to the Clarion Company therefor, Dorsey should make full discovery of and accounting for the same, and that he be allowed such credits in the accounting as he can show himself legally and equitably entitled to, and no more."

The bill then charges: "That Dorsey, as assignee of the Clarion Company has instituted two suits in the Superior Court of Baltimore City against the United Surety Company claiming moneys alleged to be due to him under the contract and assignment, and if the suits are prosecuted to final judgment, they will result in turning over to Dorsey the whole amount still unpaid on the original contract, whether the aforesaid assignment thereof to Dorsey be an unlawful preference or not, and without leaving to the receiver of the Clarion Company any security for any debt or debts of Dorsey that must be due and payable by him to the Clarion Company if said assignment is not a mere voluntary instrument. And the plaintiff has no remedy at law to prevent the prosecu-

tion of the suits to judgment and the collection of its moneys by Dorsey from the United Surety Company."

The specific relief, asked by the prayer of the bill, is as follows:

(1) That the United Surety Company be directed to answer this bill under oath and to render an account of all moneys owing by it, under the contract or about the erection of the church, to the Clarion Company or its assigns, and to pay over into this Court the balance shown to be so due and owing, to wait the final adjudication of the Court in the premises.

(2) That William C. Dorsey be directed and commanded to answer the allegation of the bill under oath, and to make full and complete discovery of his transactions with the Clarion Company, its officers and agents touching the matters herein set forth, and to render an accounting of and pay over into this Court all moneys that may be due by him to the Clarion Company or its assigns.

(3) That Dorsey produce into Court or otherwise satisfactorily account for the original, if any, of the alleged assignment and state in his answer under oath what consideration, if any, moved from him for the same, and whether, when and how he hath satisfied or discharged the same.

(4) That if the assignment shall appear to be voluntary or founded on inadequate consideration or shall not appear to be genuine and duly executed by the Clarion Company it be declared void and set aside by this Court and delivered up to be cancelled.

(5) That in the meantime an injunction be issued restraining Dorsey from prosecuting the actions in the Superior Court of Baltimore City or from colleecting the moneys or any part thereof from the United Surety Company until the final adjudciation by this Court in the premises.

(6) And for other and further relief as the case may require.

It appears from the record that on the 5th of March, 1908, the application for an injunction, was granted by the Court,

and directed to be issued, restraining the prosecuting of the actions at law by Dorsey and further, restraining, the collections of the moneys by him, from the appellee corporation, as prayed by the bill.

Nothing further appears from the record to have been done in the case, until the 24th of June, 1908, when the United Surety Company, one of the defendants, appeared and filed a demurrer to the plaintiff's bill, assigning three reasons as grounds of demurrer.

1. That the plaintiff has not stated in his amended bill such a case as entitles him to any relief in equity against this defendant.

2. That the plaintiff has a plain, adequate, and complete remedy at law against this defendant.

3. And for that the amended bill is bad for multifariousness.

(1) In that this defendant, the United Surety Company, should not be joined as a party defendant in this proceeding, and the bill should be dismissed as against it.

(2) Because this defendant is not charged with, nor is it a party to any fraud with which Dorsey, its co-defendant, is charged.

(3) Because the amended bill embraces several distinct subject-matters with which this defendant has nothing to do.

(4) Because it states several distinct and different causes of action.

And from the order of Court sustaining the demurrer and dismissing the plaintiff's original and amended bill, this appeal has been taken.

The bill of complaint, it will be seen, is filed by a statutory receiver, under secs. 376 and 377 of Article 23 of the Code of Public General Laws, to set aside a fraudulent or preferential assignment by the insolvent corporation, of money due, or to become due under a contract and for a discovery and account, by the defendants, of the amount due under the contract at the time of the assignment and how much remains due and unpaid.

There can be no question, it seems to us, that a Court of equity has jurisdiction to grant the equitable relief sought by this bill, and the defendant, the United Surety Company, is a proper party, upon the allegations set out in the bill and admitted by the demurrer, to be true.

The general rule, as supported by the weight of authority is that all persons having a present interest in the property should be made parties defendant in an action to set aside a fraudulent conveyance thereof.

In *Oliver* v. *Palmer et al.,* 11 G. & J. 449, it is said: It is a fundamental rule of equitable jurisprudence that where a bill is filed to affect a fund, in which different persons have an interest, all the persons interested therein must be made parties *ut finis sit litium,* that a multiplicity of actions may be avoided. *Earnshaw* v. *Stewart,* 64 Md. 513; *Veterlein* v. *Barnes,* 124 U. S. 169; *Talbott* v. *Leatherbury,* 92 Md. 167; *Green* v. *Wright,* 6 Gratt. (Va.) 154; *Barrett* v. *Reid,* Wright (Ohio), 700; *Stone* v. *Knickerbocker Ins. Co.,* 52 Ala. 589; *Ladd* v. *Harvey,* 27 N. H. 372; *Thompson* v. *Thompson,* 107 Ala. 163; *Small* v. *Atwood,* 1 Younge, 458.

In the case at bar the allegations of the bill are admitted by the demurrer, and for the purposes of the case we are to treat them as true.

The bill charges that a part of the money due on the contract has been paid on account to the Clarion Company by the Surety Company, but a considerable balance yet remains due and unpaid, and the appellant can only ascertain the amount by a discovery from the appellee. It is also charged by the bill that the assignment is without consideration, and if without consideration it amounts to an undue preference and was made for the purpose and with the effect of defrauding the stockholders and creditors of the Clarion Company, and is void. That at the time the assignment was made the Clarion Company was insolvent, and being insolvent the assignment was an unlawful and fraudulent preference over the creditors and should be set aside.

Now the appellees do not deny these and the other allegations of the bill by an answer, but they are admitted by the demurrer to be true and must be so considered by us on this appeal.

The person owing the money on the contract or who has the money in his possession is, under all the authorities, a proper party to a bill to set aside a fraudulent assignment of the debt. *Heinz* v. *German Bldg. Association,* 95 Md. 160; *Buckner* v. *Abrahams,* 3 Tenn. Chy. 346; *Bragg* v. *Gainor,* 85 Wis. 568; *Hitt* v. *Ormsby,* 14 Ill. 233; *Dillon* v. *Mutual Ins. Co.,* 44 Md. 386; *McKim* v. *Thompson,* 1 Bland Chan. 150.

The second ground of demurrer, that the plaintiff has an adequate and complete remedy at law, is also without merit. The receiver, the appellant here, must first proceed in a Court of equity to vacate the alleged fraudulent assignment, because until this is done he has no legal title to sue at law. He has therefore no present plain and adequate remedy at law. *Wanamaker* v. *Bowes,* 36 Md. 56; *Refining. Co.* v. *Campbell, &c.,* 83 Md. 56; *N. Y. Ins. Co.* v. *Flack,* 3 Md. 341.

In *C. & P. R. R. Co.* v. *Penna. R. R Co.,* 57 Md. 267, it is said: "The remedy at law must reach the whole mischief and secure the whole right of the party in a perfect manner at the present time and in the future; otherwise equity will interfere and give such relief and aid as the exigency of the particular case may require."

The third ground of demurrer which has been urged and insisted upon is multifariousness.

In *Campbell* v. *Mackay* (1836), 1 Mylne and Craig, 618, LORD CHANCELLOR COTTENHAM said: "To lay down any rule applicable universally or to say what constitutes multifariousness as an abstract proposition is, upon the authorities, utterly impossible."

The test must be applied to the facts of each particular case in the light of the general principles regulating singleness in pleading which forbids the blending in the same suit entirely distinct and separate matters relating to different

parties. Regester v. Regester, 104 Md. 362; Trego v. Skinner, 42 Md. 426; Fiery v. Emmert, 36 Md. 464.

In *Brown* v. *Guarantee Trust Co.,* 128 U. S. 410, MR. JUSTICE LAMAR, in delivering the opinion of the Supreme Court, said: "The case against one defendant may be so entire as to be incapable of being prosecuted in several suits, and yet some other defendant may be a necessary party to some portion only of the case stated. In the latter case the objection of multifariousness cannot be allowed to prevail * * * It is not indispensable that all the parties should have an interest in all the matters contained in the suit; it will be sufficient if each party has an interest in some material matters in the suit, and they are connected with the others. * * * To support the objection of multifariousness because the bill contains different causes of suit against the same person, two things must concur—first, the grounds of suit must be different; second, each ground must be sufficient as stated to sustain a bill."

The cause of action in this case is single, the object of the suit is to recover a single debt and a discovery of the necessary evidence for that purpose.

We, therefore, agree with the statement of the appellant in his brief that a bill for a discovery, account and payment into Court of a single debt, admitted to be due by a demurrer to the bill, and for the cancellation of a fraudulent assignment of such debt, and an injunction againts the assignee, cannot, in justice or upon authority, be held to be multifarious. *Lenz* v. *Prescott,* 144 Mass. 505; *Von Anw.* v. *Chicago Toy Co.,* 69 Fed. Rep. 448; *Fiery* v. *Emmert,* 36 Md. 464.

In *Trego* v. *Skinner,* 42 Md. 432, it was held: "The object of the bill, being single, we see no good reason why the several persons to whom he has thus conveyed distinct parcels of his property, real and personal, for the same fraudulent purpose of hindering, delaying and defrauding his creditors, though such persons may have no common interest in the several parcels so conveyed and no joint fraud in any-

one transaction be charged against all of them, may not be joined with the debtor in a bill which seeks to bring all his property within the complainant's judgment. But this very question has been decided by Courts of high authority in a number of cases." *Brian* v. *Thomas,* 63 Md. 465.

The discovery sought by the bill in this case is not only material to the relief asked, but in aid of a contemplated action if the assignment is vacated and set aside. *Union Pass. Rwy. Co.* v. *Balto.,* 71 Md. 238; *Wolf* v. *Wolf,* 2 H. & G. 382; *Parrott* v. *Chestertown Bk.,* 88 Md. 515.

We have given the case careful consideration and discover nothing in the cases cited by the appellee's counsel in conflict with the doctrine upon which we have rested our decision, and can find no reason upon which in justice or equity, upon the allegations of fact set out in the bill and admitted by the demurrer to be true, the appellant can be denied the relief he seeks. At least, the appellee, the United Surety Company, should be required to answer the bill, and upon its answer the Court below can determine the rights of the parties.

For the reasons given the order of Court below dated October 1st, 1908, sustaining the demurrer and dismissing the plaintiff's original and amended bill as to the defendant, the United Surety Company, will be reversed, and the cause remanded for further proceedings, in accordance with this opinion.

> *Decree reversed, and cause remanded with costs.*