## ELIZABETH M. U. HEINZ vs. THE TWENTY-SIXTH GERMAN-AMERICAN BUILDING ASSOCIATION.

*Bill in Equity for Discovery of Fire Insurance Policy Withheld by Mortgagee in Collusion With Insurer and for Relief After Loss—Parties.*

A bill in equity charged that the plaintiff obtained a policy of fire insurance on certain property, which property was subsequently mortgaged to a building association and that the policy was assigned to the association to secure it against loss with the assent of the Insurance Co., and also in trust for the plaintiff or the purchaser of the property; that the property was sold under foreclosure and bought by the plaintiff; that a part of it was destroyed by fire after the sale and before final ratification thereof and notice of the loss given to the Insurance Co.; that the policy has since been withheld from plaintiff by the Building Association in collusion with the Insurance Co., with intent to defeat the remedy of the plaintiff against the Insurance Co.; that it was the duty of the Building Association to collect the loss under the policy as trustee for the plaintiff, but it neglected so to do and that both companies have refused to disclose to plaintiff the contents of the policy. The prayer of the bill was that the Building Association be required to produce the policy; that both companies be required to bring the amount of the loss under the policy into Court to be paid to the plaintiff, etc. The trial Court required the plaintiff to elect between an action at law against the Insurance Co., and the suit in equity and the plaintiff elected to proceed at law. The Building Association demurred to the bill. *Held.*

1st. That the demurrer should be overruled and that the plaintiff is entitled to relief if the allegations of the bill be sustained by proof.

2nd. That the Insurance Co., was a proper party to the suit and it was error to require the plaintiff to make said election between remedies.

Appeal from a decree of Circuit Court No. 2, of Baltimore City (DENNIS, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*J. J. Alexander* and *James H. Preston*, for the appellant.

The Court below seems to have made its decree upon the

assumption that if fraud is charged, all the parties to the fraud must be before the Court. It is submitted that this decision is too broad. *Brashear* v. *Van Cortlandt*, 2 Johns. Ch. 242; *Bank of Montreal* v. *Thayer*, 7 Fed. Rep. 622; *Holmes* v. *Hentz*, 4 Clark & Fin. 142; *Bateman* v. *Margetson*, 6 Hare, 499; *Weise* v. *Waidle*, L. R., 19 Equity, 171. It was doubted in *East India Co.* v. *Coles*, 3 Swanst. 142, if a demurrer for want of parties should be to the whole bill.

Again, in *Blacksburn* v. *Jipson*, 3 Swanst. 138, a cause came to be heard on appeal, and the defendant objected for want of parties. But the Chancellor said the material fact is that the defendants subsequently to the appeal of plaintiffs themselves presented an appeal entitled in the same manner and prayed that their appeal might be heard with the plaintiff's appeal. And he held that a waiver of the objection for want of parties. So here the appellee has been allowed to withdraw its answer in which it denied all collusion and other matters charged in the bill, and thus has had the benefit of the plaintiff's election to sue the German Fire Insurance Company at law, and in a petition in a case entitled in the same way, recites the leave given to plead over, thus treating the bill as amended by the withdrawal of the Insurance Company as defendant, and not bound to answer as to matters in connection with that company, with which it was charged, and demurs for want of equity. Why is not that a waiver of the objection for want of parties ?

But either on the ground of fraud the Insurance Company was a necessary party for the benefit of the appellee, or it was not. If it was, the appellee ought to have insisted that it should be retained. If it was not, then the objection fails.

The demurrer admits the facts stated in the bill. It is, therefore admitted that the policy was, with the knowledge and assent of the Insurance Company, assigned unconditionally to the appellee for its own benefit in the first place, as far as to secure it as stated in the bill, and in further trust for the appellee ; that proceedings were taken by appellee to foreclose the mortgage, and before the ratification of the sale the loss

occurred; that the appellee held the policy, and having neglected to collect the proceeds of it, detains it against the appellant and refused and refuses to produce it and led the appellant to believe it would proceed to collect it, and that the insurance would be paid, and by such representations prevented the plaintiff from taking steps to have the policy realized. The bill states that the appellant was the purchaser at the mortgage sale. The case, therefore, is between mortgagor and mortgagee, the latter a trustee of the policy, and the property comes back to the mortgagor depreciated by the loss of part of the premises through the default of her trustee. In *Callahan* v. *Linthicum*, 43 Md. 97, where the Court considered the policy was intended to cover the interest of both mortgagor and mortgagee, it was held that the mortgagee would be treated in equity as a trustee for the mortgage, and in the event of payment of mortgage debt by the latter, he would be entitled to maintain a suit in equity to recover the money received by the former under the policy. In *Concord Company* v. *Woodbury*, 45 Maine, 447, it was held that where a mortgagee effects an insurance, at the request and cost and for the benefit of the mortgagor, as well as his own, the mortgagor has the right, in case of loss, to have the money applied in discharge of his debt. In *Smith* v. *Packard*, 19 N. H. 575, it was held that if a policy of insurance is assigned to the mortgagee as collateral security any sum to which as such assignee he might become entitled to before the foreclosure of the mortgage was applicable to payment of the debt, and as to the residue he was trustee for the mortgagor. And see also *Nat. Bank* v. *Union Ins. Co.*, 88 Cal. 497. The defendant thus being a trustee, and the loss having occurred before a complete foreclosure, it was the duty of the appellee, having the policy in its possession fully assigned to it, to preceed to collect it, and it was guilty of a breach of trust in having failed to do so. *Hurtt* v. *Fisher*, 1 H. & G. 88; *Ricketts* v. *Montgomery*, 15 Md. 46.

*Edwin G. Baetjer* (with whom was *George R. Willis* and *Samuel K. Smith* on the brief), for the appellee.

1. *That the bill does not state a cause of action for equitable relief.* The bill as it now stands with the Fire Insurance Company stricken out as a defendant, is a bill seeking to recover from an alleged trustee and mortgagee, the amount of a debt which the trustee through fraudulent collusion with the debtor failed to collect ; the relief prayed for, is the payment by the trustee of the amount of the debt, which, by reason of this collusion, has been lost.

In such a bill and to obtain such relief, we contend, it is imparatively necessary to allege *that the debt, for the loss of which the damages are sought, was in fact lost.* The bill does not, however, show that the debt failed to be collected has in fact been lost, or that any loss has actually occurred.

The bill and the liability sought to be enforced is for damages suffered by reason of the failure to collect the policy or debt ; it is not to enforce a contract or contractual obligation, but damages for its loss or destruction ; if the debtor were insolvent, or if for any other reason the debt were not worth its face value, the recovery would necessarily be limited to its real value, or the actual loss. The loss of the debt is, therefore, the indispensable element of the liability sought to be enforced. If the debt has not in fact been lost or destroyed, but only an ineffectual attempt made to destroy it, then there has only been an ineffectual attempt made to cause a loss or create an element of liability. Such mere attempt might render a trustee liable to removal, but would not render him liable for the debt or damages any more than any other ineffectual attempt to create a loss or cause damage could render the person so attempting, liable to pay either loss or damage which had never been suffered.

Now the only element of value in the insurance policy is the obligation to pay ; if that obligation is not destroyed or barred, but remains enforceable, no mere attempt to destroy it can cause a loss or create a liability. The bill of complaint, however, nowhere either expressly or even by inference, al-

leges that the obligation of the policy or the debt represented by it has been destroyed, discharged, or otherwise affected. On the contrary, the bill avers that suit to recover on the policy has been instituted against the Fire Insurance Company by the plaintiff, and that this suit is still pending in the Superior Court of Baltimore City ; the records show that after the occurrence of all the acts recited in the bill of complaint, and with full knowledge thereof, the plaintiff elected to prosecute the suit in the Superior Court, even on the condition of renouncing her right in this cause ; and the bill alleges that she is in fact entitled to recover against the Insurance Company, and that no defense to her suit or to her claim upon the policy exists. She alleges, it is true, that the Fire Insurance Company has set up the limitation of its policy as one of its defenses, but alleges at the same time, that the defense is a pretended one which can constitute no bar to her recovery, and alleges facts which, if true, amply support her contention. At only one place in the bill of complaint is there even a semblance of an allegation that the debt is lost, or that she has suffered any real loss. At the conclusion of the 11th paragraph she alleges that she has suffered a loss of her rights under the policy, but carefully qualifies the statement by the use of the words "*up to this time.*" In view, however, of the whole tenor of the bill which still retains its original form as ·a bill for recovery against the Insurance Company of the debt represented by the policy, as a valid existing debt, the pendency of the suit in the Superior Court, her election to prosecute it and the allegation of each of the last six paragraphs of the bill that the liability of the Fire Insurance Company upon its policy exists unimpaired ·as a perfect and enforceable obligation the allegation that she has "up to this time" suffered loss is a mere statement, that up to this time she has not collected the proceeds.

The bill, therefore, instead of charging the loss of debt or the destruction of the obligation to pay in fact charges and alleges, that the debt and the policy remain in full force as a perfect and unimpaired obligation, to the recovery of which

the debtor, the Insurance Company, has interposed a pre-
tended and invalid defense.

2. *That the German Fire Insurance Company is a necessary
party to this proceeding.* The bill distinctly charges fraud,
collusion and combination between the Building Association
and the Fire Insurance Company. Every act of either defend-
ant complained of in the bill, *i. e.*, the failure to collect the
policy, the failure to comply with its provisions as to suit, the
deliberate lulling of the plaintiff into a sense of false security
is charged to have been done by them jointly, collusively,
fraudulently and in combination. The alleged wrongs com-
mitted by the defendant, the Building Association, are recited
in the seventh, eighth, ninth and tenth paragraphs, and as each
offense is charged, it is charged with the use of the adverbs
above mentioned ; and in the ninth paragraph all of the acts
of each of the defendants complained of are collected, re-re-
cited, and all are then, by way of general description, inserted
at the beginning of the paragraph as a description or caption
applicable to all, charged to have been committed by the two
defendants "by fraud and in collusion."

It is an established rule of procedure in this State that in
enforcing rights or liabilitis arising out of fraud, collusion or
combination all parties thereto are necessary parties to the
proceeding. Thus in *Hill* v. *Reifsnider*, 39 Md. 429, the bill
filed had been dismissed for failure to make a participant in
a fraud concerning the obtaining of a judgment, a party to
the proceeding, to set the judgment aside. On appeal the
Court said : "We agree with the Judge below as to the neces-
sity of making F. & Co. parties ; the bill distinctly charges that
they participated in the alleged fraud in obtaining the judg-
ment and are therefore necessary and proper parties defend-
ant." To the same effect are : *Lovejoy* v. *Irelan*, 17 Md. at
426; *Calvert on Parties*, 18, 24, 80, 264.

BRISCOE, J., delivered the opinion of the Court.

The allegations of the bill of complaint in this case are ad-
mitted by the demurrer to be true, and the questions which

arise upon the record are presented by a demurrer to the plaintiff's bill.

One of the defendants, the Twenty Sixth German American Building Association of Baltimore City, demurred to the bill and alleged two causes of demurrer. The other defendant, the German Fire Insurance Company of Baltimore City, was by an election, filed on the 13th of May, 1901, as will hereafter more fully appear, stricken from the bill as one of the parties to the bill.

The grounds of the demurrer are: First, because the German Fire Insurance Company of Baltimore City is a necessary party to these proceedings; and second, because the plaintiff has not in her bill of complaint stated such a case as entitles her to any relief in equity against the defendant.

On the 10th day of December, 1901, the Circuit Court No. 2, of Baltimore City, passed the following decree:

"Ordered upon the bill, petition for an election and proceedings in this case, that the demurrer be sustained and the plaintiff not desiring to amend, it is further ordered and decreed that the bill be dismissed with costs." The appeal is taken from this decree.

The bill of complaint was filed on the 25th of July, 1900, in the Circuit Court No. 2, of Baltimore City, by the plaintiff against the German Fire Insurance Company and the Twenty Sixth German American Building Association, two corporations doing business in the city of Baltimore, and duly incorporated under the laws of the State.

The bill is quite a long one, and being set out at length in the record, we shall only refer to such parts of it, as may be necessary for a proper understanding of the case.

The object of the bill, and the relief sought under it, according to the prayer, was:

1. That the defendants should be required to bring into Court a sum of money amounting to $1,520.00, with interest, to be paid to the plaintiff.

2. That the defendant, the Building Association, should discover under oath the possession of a certain policy of in-

surance issued by the German Fire Insurance Company to the appellant, and assigned by her to the Building Association, and also to produce the policy and discover all endorsements or assignments thereon.

3. That the Fire Insurance Company should discover in full the terms and conditions of the policy, together with all the endorsements and assignments thereon, and furnish a copy of the policy to the appellant, and that it be restrained from setting up, in a certain suit in the Superior Court of Baltimore City, brought by the appellant against it, certain defenses against a recovery thereon.

4. And that it may be declared that it was the duty of the defendant, the Building Association, to collect the proceeds of the policy from the defendant, the Fire Insurance Company, upon the incurring of the loss aforesaid under the policy and to apply the same according to the trusts and terms set out in the mortgage and that it may be decreed accordingly.

Both of the defendants answered the bill but subsequently upon the election of the appellant to strike out the German Fire Insurance Company as a party to the suit the Building Association obtained leave to plead over to the bill and filed the demurrer heretofore set out.

It will be thus seen that the principal objection raised by the demurrer in this case is that the appellant has not stated such a case as entitles her to any relief whatever, and that under the pleadings she has no standing in a Court of equity. To determine this we must look to the allegations of the bill and the facts stated therein, as they are admitted, by the demurrer, for the purposes of the case, to be true.

The bill charges that the German Fire Insurance Company by a certain policy of insurance insured the plaintiff against loss by fire in the sum of sixteen hundred dollars on two buildings situate in Baltimore County, on the south side of Philadelphia road ; that the plaintiff being indebted to the Twenty-Sixth German American Building Association of Baltimore, by way of mortgage, with the knowledge and consent of the Fire Insurance Company, assigned to and delivered to the Build-

ing Association the policy of fire insurance, to secure it against loss it may sustain by reason of the depreciation of the property mortgaged by fire, and in trust, furthermore, for the benefit of the plaintiff or of whomsoever might become entitled upon a final ratification of a sale under the mortgage to a distribution of any surplus accruing over and above the mortgage indebtedness and arising from a collection by the Building Association of any moneys by reason of the policy of insurance.

The bill further avers that on the 30th of November, 1898, the property was sold under foreclosure proceedings and the plaintiff became the purchaser thereof; that prior to the ratification of the sale, and while the insurance was in existence, a part of the property was totally destroyed by fire, and notice of the loss was given to the Fire Insurance Company. The bill also charges that the Building Association has since the fire detained and withheld the policy in combination and with the consent and knowledge of the Fire Insurance Company or else has surrendered it to the German Fire Insurance Company, with intent to obstruct and defeat the remedy of the plaintiff against the Fire Insurance Company or against the Building Association, for its negligence in not collecting the proceeds of the policy.

The bill also avers that the plaintiff has instituted suit at law against the Insurance Company to recover on the policy, but that the appellee by collusion and fraud with the Fire Insurance Company refused to produce the policy or to collect or to attempt to collect the money due thereunder, or to reassign the policy and that the two defendants have by fraud and collusion prevented the plaintiff from recovering the proceeds of the policy.

The bill further alleges that the Building Association held the policy as trustee, and that it was its duty to have collected the proceeds, but that it neglected by fraud or collusion with the Fire Insurance Company to do so, and that both companies have refused to disclose to the appellant the contents of the policy or any information relating thereto.

Now under this state of case, thus made by the bill and the allegations of the bill admitted by the demurrer to be true, we cannot agree with the Court below that the plaintiff is without relief in a Court of equity.   On the contrary, we are of the opinion that the demurrer should have been overruled and the case heard on its merits, after proof taken, to support the allegations of the bill.   The whole current of authorities from *Wolf* v. *Wolf*, 2 H. & G. 382, to *Union Passenger Railway Co.* v. *Mayor, &c., of Balto.*, 71 Md. 240, is to the effect that a discovery may be had not only to support an action but as auxiliary to the maintenance of a suit then contemplated to be brought.   In the latter case CHIEF JUDGE MCSHERRY in delivering the opinion of the Court said : "The bill in this case is designed to compel the railway company to divulge information possessed by it, which is absolutely necessary to the plaintiff's case, and material to the relief prayed for by it, and we do not see how upon principle independent of authority, it could be denied."   It would be against every principle of equity to hold, that the two defendants, the Building Association and the Fire Insurance Company could by fraud and colcusion, as charged in the bill, defeat the plaintiff from recovering the proceeds of the policy of insurance.

In *Smith* v. *Packard*, 19 N. H. 575, it is said that if a policy of insurance upon mortgaged property be assigned to the mortgagee as collateral security any sum of money, to which, as such assignee, he may become entitled by the destruction of the insured property before the foreclosure of the mortgage, is applicable to the payment of the debt and as to the remainder he is the trustee of the mortgagor.

If therefore, in the case now under consideration, the mortgage debt has been paid and the money has been paid or collected on the insurance policy, the party who holds the fund, holds it as trustee for the appellant, and she is clearly entitled to recover it.   In such a case the mortgagee is a trustee of the policy, and would be liable in a Court of equity for the money received from it.   *Callahan* v. *Linthicum*, 43 Md. 97; *Ricketts* v. *Montgomery*, 15 Md. 46.

The second objection raised by the demurrer is that the German Fire-Insurance Company is a necessary party to the bill of complaint. Much that we have said, as to the first cause of demurrer will apply to the second ground relied upon by the appellee. The defendant, the Fire Insurance Company was an original party to the suit, but the appellant was enjoined from prosecuting either the suit at law or this suit, until an election was made, as to which of said proceedings she would prosecute, and which she would dismiss. By reason of this order the appellant on the 20th of May, 1901, signified her election by striking out the German Fire Insurance Company as a party to this suit. The Court below was in error in requiring this election. Under the allegations of fact contained in the bill and admitted by the demurrer to be true, the Fire Insurance Company was a proper party to this suit.

We are, therefore, of the opinion that the appellant is entitled to the equitable relief sought by the bill, if she can support the allegations of the bill by the proof required in such cases. For the reasons we have given the decree of the Circuit Court of Baltimore City dated the 10th of December, 1901, sustaining the demurrer and dismissing the bill will be reversed, and the cause remanded that further proceedings may be had in accordance with this opinion.

*Decree reversed and cause remanded with costs.*

(Decided April 2nd, 1902.)